Pearson, C. J.
 

 The decree in the Court ‘below, is erroneous, and must be íwersed, and the petition dismissed.
 

 There are s© many fatal objections, that we are at a loss on ■which to put our decision.
 

 1. It does not appear 'by the transcript that an answer was filed; there is n© judgment
 
 pro confesso ;
 
 no issue is made, either of law or faet, and there is no order setting the case for hearing.
 

 2. There is n© ¡allegation that the slaves, which are to be divided, or the money, of which an aeeount is prayed, áre in the possession of either the plaintiffs or the defendants.
 

 §. The-jurisdiction of the county court to order partition among tenants in common, on petition, is confined to a division of slaves or other
 
 chattel property.
 
 This does not <e«fbrace money, -and the Court had no jurisdiction to order an account to be taken. That branch of equity jurisdiction is not conferred on the county eourts, and has never been assumed before this ease, except on petitions for legacies, filial portions and distributive shares. But our case does not fall under either of these heads, the executor having long since assented, .and passed the property, money, <fec., to the legatees.
 

 4. The petition alleges that Priscilla Stallings was, by the will of desse Stallings, entitled to
 
 an estate for
 
 life, in the slaves and other property and effects, and after her death, the same was to be equally divided between the -petitioner, Sophia, and the defendant, her sister, Mary. "Whether this be the legal .effeet of the will, is a question which cannot now be decided. 'The slaves, property, money, &e., are given to Jpii-iscilla Stallings, Sophia White and Mary Riddick, to be
 
 *166
 
 equally divided between the three. This vests in Mrs.. Stallings an absolute estate, just as it does in Mrs. White and Mrs. Riddick, and we suppose, from the argument before us, that the purpose of the petition was to have a -construction of the will, as to whether the subsequent clause-, in which the testator desires all that part of the property, given to his wife, “
 
 that shall be remaining at her death”
 
 to be equally divided between bis two daughters, has the effect of cutting down the estate, given to the wife, so as to make room for the limitation over ; or is inoperative, because inconsistent with the estate before given to her. This depends upon the application of the doctrine discussed in
 
 McDaniel
 
 v. McDaniel, 5 Jones’ Eq. 352 ;
 
 Hall
 
 v.
 
 Robinson,
 
 3 Jones’ Eq. 349 ;
 
 Newland
 
 v.
 
 Newland,
 
 1 Jones, 463, and other cases.
 

 As a matter of course, this question cannot be decided except in some proceeding, to which the personal representative of Mrs. Stallings is a party, and as the decree, in this ■ case, is based upon a decision of that question, it is erroneous.
 

 Per Curiam,
 

 Judgment reversed, and petition dismissed.